**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Alberto SANDOVAL, Defendant— Appellant.**

No. 03–30486.

D.C. No. CR–02–02205–FVS.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 2004.*

Decided Aug. 19, 2004.

James P. Hagarty, USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Anne Walstrom, FDWAID—Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant-Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before HALL, KLEINFELD, and CALLAHAN, Circuit Judges.

## MEMORANDUM**

We affirm the denial of the motion to suppress the evidence, but remand for re-sentencing.

### I.  Suppression motion

■ A number of events and circumstances combined to provide the officers with a particularized and objective basis for suspecting Sandoval of criminal activity: the telephone tip; the short interval of time between the telephone call and the officers' arrival; Sandoval's location in front of room 217 in the motel's parking lot; his evasive actions in the car; his refusal to obey the officers' commands; and his possession of a weapon. The police tactics, while aggressive, did not convert the *Terry* stop into an arrest. The tactics constituted a reasonable response to legitimate safety concerns that resulted from Sandoval's uncooperative actions and possession of a weapon. Because the officers acted reasonably under the circumstances, the district court correctly denied Sandoval's motion to suppress the evidence.

### II.  Sentencing

■ Under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), third-degree assault in Washington does not qualify as a crime of violence as that term is defined in United States Sentencing Guideline § 4B1.2. Under Washington law, it is possible to commit third-degree assault through an unlawful touching that does not involve substantial physical force or seriously risk physical injury.

*See State v. Hall*, 104 Wash.App. 56, 14 P.3d 884, 889 (2000). Consequently, that crime is not categorically a crime of violence. *United States v. Belless*, 338 F.3d 1063, 1068 (9th Cir.2003). Under the modified categorical approach, the information, plea agreement, and judgment in the record do not exclude the possibility that Sandoval's guilty plea to third-degree assault was for conduct that did not involve substantial physical force and did not seriously risk physical injury. We therefore conclude that Sandoval's prior guilty plea did not constitute a crime of violence under either the categorical or the modified categorical approach, and that Sandoval's sentence was improperly enhanced.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.